UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWIN GOMEZ,<br><br>Defendant | Criminal No. 26cr10092<br><br>Violations:<br><br>Count One: Conspiracy to Engage in the Business of Dealing in Firearms Without a License<br>(18 U.S.C. § 371)<br><br>Count Two: Engaging in the Business of Dealing in Firearms Without a License; Aiding and Abetting<br>(18 U.S.C. §§ 922(a)(1)(A) and 2)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 924(d); 28 U.S.C. § 2461(c)) |

INFORMATION

At all times relevant to this Information:

General Allegations

1.    Defendant Edwin Gomez was a citizen of the United States who resided in the Commonwealth of Massachusetts.

2.    Individuals who engage in the business of dealing in firearms must have a federal firearms license to do so. It is unlawful to engage in the business of dealing in firearms without the appropriate federal firearms license.

3.    GOMEZ does not have, and has never had, a federal firearms license.

<u>Object and Purpose of the Conspiracy</u>

4.      The object of the conspiracy was to engage in the business of dealing in firearms without a federal firearms license.   The principal purpose of the conspiracy is to make money by dealing firearms without a federal license.

<u>Manner and Means of the Conspiracy</u>

5.      Among the manner and means by which GOMEZ, and coconspirators known and unknown, carried out the conspiracy were the following:

a.   Obtaining firearms from various sources of supply;

b.   Advertising the availability of the firearms to a potential buyer, referred to herein as CD-1;

c.   Selling firearms to CD-1 in the Commonwealth of Massachusetts without possessing a federal firearms license; and

d.   Collecting and seeking to collect money associated with the firearms that were sold.

<u>Overt Acts in Furtherance of the Conspiracy</u>

6.      From in or about June 2025 through in or about August 2025, GOMEZ, and coconspirators known and unknown, committed and caused to be committed the following overt acts, among others, in furtherance of the conspiracy:

a.   In June 2025, a coconspirator, referred to herein as "INDIVIDUAL 1" through electronic communications, offered to sell three firearms to CD-1.

b.   On July 1, 2025, GOMEZ, INDIVIDUAL 1, and another coconspirator referred to herein as "INDIVIDUAL 2" met CD-1 at a location in Lawrence, MA, where

they sold CD-1 three firearms, including a Glock, 19GEN4, 9mm pistol equipped with a metal machine gun conversion device ("MCD"), and an obliterated serial number; a Matrix Aerospace Corporation, M556-SC, multi caliber pistol bearing serial number SC556-17947; and a Mossberg, 500, 12-gauge shotgun, bearing serial number T947220; ammunition, and two magazines, in exchange for a total of $5,000.

c. Later in July 2025, INDIVIDUAL 1, through electronic communications, offered to sell four firearms to CD-1.

d. On July 18, 2025, INDIVIDUAL 2 met CD-1 at a location in Lawrence, MA, where he sold CD-1 four firearms, including a Mossberg, 590, 12-gauge shotgun bearing serial number V1710124; a HS Produkt, XD45, .45 caliber, pistol bearing serial number US567241; and two privately-made firearms, in exchange for $6,800.

e. Later in July 2025, INDIVIDUAL 1, through electronic communications, offered to sell seven firearms to CD-1.

f. On July 30, 2025, INDIVIDUAL 1, INDIVIDUAL 2, and GOMEZ met CD-1 at a location in Lawrence, MA, where they sold CD-1 a total of eight firearms, including a Del-ton, DTI-15, 5.56, rifle, bearing serial number DTI-S174705; an HS Produkt, XDS, 9mm, pistol, bearing serial number S3804159; a Taurus, PT111 G2, 9mm, pistol, bearing serial number TKM41246; a Walther, P22, .22, pistol, bearing serial number L028141; a German Sport Guns, 1911, .22, pistol, bearing serial number A361961; a Walther, PPQ, 9mm, pistol, bearing serial

number FCF1353; a Smith & Wesson, 629 Classic, .44, revolver, bearing serial number CFS4605; and a DPMS, A15, .223, rifle, bearing serial number N0001687, in exchange for a total of $14,100.

g. In August 2025, INDIVIDUAL 1, through electronic communications, offered to sell four firearms to CD-1.

h. On August 15, 2025, INDIVIDUAL 2 met CD-1 at a location in Lawrence, MA, where he sold CD-1 four firearms, including a Smith & Wesson, 3906, 9mm, pistol, bearing serial number TDB2605; an HS Produkt, XD-40, .40 caliber, pistol, bearing serial number XD484975; and two privately made firearms, in exchange for $7,800.

COUNT ONE
Conspiracy to Engage in the Business of Dealing Firearms without a License
(18 U.S.C. § 371)

The United States Attorney charges:

7.      The United States Attorney re-alleges and incorporates by reference paragraphs 1-6 of this Information.

8.      From in or around June 2025 and continuing through August 2025, in the District of Massachusetts, the defendant,

EDWIN GOMEZ,

conspired with others known and unknown to the United States Attorney to commit an offense against the United States, to wit, engaging in the business of dealing in firearms without a license in violation of Title 18, United States Code, Section 922(a)(1)(A), that is, to willfully engage in the business of dealing in firearms, not being a licensed importer, manufacturer, and dealer.

All in violation of Title 18, United States Code, Section 371.

COUNT TWO
Engaging in the Business of Dealing in Firearms Without a License; Aiding and Abetting
(18 U.S.C. §§ 922(a)(1)(A) and 2)

The United States Attorney further charges:

9.     The United States Attorney re-alleges and incorporates by reference paragraphs 1-8 of the Information.

10.     From on or about July 1, 2025, through on or about August 15, 2025, in the District of Massachusetts, the defendant,

EDWIN GOMEZ,

not being a licensed importer, manufacturer, and dealer under the provisions of Title 18, United States Code, did willfully engage in the business of dealing in firearms., that is:

a.  on July 1, 2025, a Glock, 19GEN4, 9mm pistol equipped with a metal MCD, and an obliterated serial number; a Matrix Aerospace Corporation, M556-SC, multi caliber pistol bearing serial number SC556-17947; and a Mossberg, 500, 12-gauge shotgun, bearing serial number T947220;

b.  on July 18, 2025, a Mossberg, 500, 12-gauge shotgun bearing serial number V1710124; a HS Produkt, XD45, .45 caliber pistol bearing serial number US567241; and two privately-made firearms;

c.  on July 30, 2025, a Del-ton, DTI-15, 5.56, rifle, bearing serial number DTI-S174705; an HS Produkt, XDS, 9mm, pistol, bearing serial number S3804159; a Taurus, PT111 G2, 9mm, pistol, bearing serial number TKM41246; a Walther, P22, .22, pistol, bearing serial number L028141; a German Sport Guns, 1911, .22, pistol, bearing serial number A361961; a Walther, PPQ, 9mm, pistol, bearing serial number FCF1353; a Smith & Wesson, 629

Classic, .44, revolver, bearing serial number CFS4605; and a DPMS, A15, .223, rifle, bearing serial number N0001687; and

d. on August 15, 2025, a Smith & Wesson, 3906, 9mm, pistol, bearing serial number TDB2605; an HS Produkt, XD-40, .40 caliber, pistol, bearing serial number XD484975; and two privately made firearms.

All in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 2.

FIREARM FORFEITURE ALLEGATION
(U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

11.     Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 371 and 922, set forth in Counts One and Two, the defendant,

EDWIN GOMEZ,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offenses.

12.     If any of the property described in Paragraph 11, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred or sold to, or deposited with, a third party;

   c.   has been placed beyond the jurisdiction of the Court;

   d.   has been substantially diminished in value; or

   e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 11 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461.

LEAH B. FOLEY
United States Attorney

By: LAUREN MAYNARD
Assistant United States Attorney
District of Massachusetts

Dated: April 3, 2026